UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.C. SANDERS, et al., | ) | CASE NO. 5:23-cv-704 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| S. BENJAMIN CARRO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiffs J.C. Sanders and Lachanda Gales (individually, "Sanders" or "Gales"; collectively, "plaintiffs") filed this action against S. Benjamin Carro, Judge Kelly L. McLaughlin, Judge Susan Baker Ross, and Judge Patricia A. Cosgrove (collectively, "Defendants"). (Doc. No. 1.) In the complaint, plaintiffs allege wrongful imprisonment and intimidation. (*Id*. at 11.) There does not appear to be a request for relief. Along with their complaint, plaintiffs also filed an Application to Proceed *In Forma Pauperis* ("the application"). (Doc. No. 2.) For the reasons stated below, the application is denied.

Pursuant to 28 U.S.C. § 1915, this Court has the discretion to authorize the commencement of any civil action without prepayment of filing fees by a person who submits an affidavit that includes a statement of all assets such person possesses that demonstrates that the person is unable to pay such fees without undue hardship. 28 U.S.C. § 1915(a)(1). Pauper status does not require

proof of absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, a sufficient affidavit demonstrates that the plaintiff cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life. *Farajolah v. Victory Auto. Grp., Inc.*, No. 1:20-cv-1277, 2021 WL 6689545, at *1 (W.D. Tenn. Jan. 11, 2021); *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016).

The application fails to provide a clear picture of plaintiffs' family income and expenses and, thus, fails to demonstrate plaintiffs' eligibility for *in forma pauperis* status. Starting with income, Gales' income is incorrectly listed in at least one place. The application states that Gales (the "spouse") made $32,640.00 per month for the past twelve months, but that she expects to receive only $2,946.00 per month at Evolent Health in the months following the filing of the complaint. (*Id*. at 1–2.) If these amounts are correct, plaintiffs provide no explanation for the dramatic reduction of income. (*See id.* at 5.)

The Court considered the possibility that plaintiffs misread the form and provided a monthly income in one column and an annual income in the other column; however, the numbers do not seem to support that theory either.[1] Plaintiffs list Gales' dates of employment as "10/31/2022–Present" indicating that she is currently employed and was employed in this position prior to the filing of the complaint making $2,946.00 per month. (*See id*. at 2.) Plaintiffs state that prior to working at Evolent Health, Gales worked at Acro Services Corporation from 1/17/2022 to

---

[1] Multiplying the expected amount of monthly income ($2,946.00) by twelve equals $35,352.00, which is $2,712 more than the number listed for plaintiffs' average *monthly* income for the preceding twelve months. (*See* Doc. No. 2, at 2.)

2

10/31/2022 earning $2,946.00 per month. (*Id*.) There is no explanation for the $32,640.00 monthly income reported on the form. If that figure were correct, Gales alone would have earned nearly $400,000.00 per year, yet plaintiffs state that they have no bank accounts, cash, and or investments.

Similarly, Sanders' income is incorrectly listed in at least three places. First, plaintiffs indicate Sanders had no income for the past twelve months and expects to have no income in the month following the filing of the complaint. (*See id*. at 1–2.) Plaintiffs then indicate that Sanders works at Marco's Pizza and Mercury Service earning $344.00 and $1,500.00 respectively.[2] (*Id*. at 2.) Second, plaintiffs state that they receive "snap benefits", but list their monthly income from "Public-assistance" as $0.00. (*See id*. at 2, 5.) Finally, plaintiffs state that they have $0.00 income from self-employment and have had $0.00 income from self-employment for the past twelve months (*Id*. at 1), but that they own a business which cannot currently operate due to Sanders' home confinement. (*Id*. at 5.) The complaint implies that plaintiffs were completing work for this business as recently as April 2023. (*See* Doc. No. 1, at 8.) ("[. . .] after my wife Lachanda Gales deposited a check for our business in her account.") These inconsistencies alone are sufficient to reject plaintiffs' application.

Moreover, it is impossible to determine plaintiffs' monthly expenses as they did not complete that section of the application. All of the expenses on the form are left blank except for food, which they list as $308.00 in the column for Sanders and an additional $308.00 in the column for his spouse. (*See* Doc. No. 2, at 4.) Plaintiffs list an apartment address on the summonses (*see, e.g.*, Doc. No. 1-3, at 1), but they do not list an amount they pay for rent and they do not list utilities

---

[2] Sanders' only provides one date for his two employment entries, without explanation, despite the form asking for "[d]ates of employment[,]" (*See* Doc. No. 2, at 2,) Without this information, Sanders' employment history is unclear.

as expenses (nor indicate that these expenses are included in their rent).[3] (*See* Doc. No. 2, at 4.) Plaintiffs list a car as an asset, but do not list any expenses associated with owning and operating a car, such as insurance, gas, or maintenance. (*Id.* at 3, 4.)

As written, the application does not demonstrate an inability to pay the filing fee. The application states that plaintiffs earn $2,946.00 per month. But, if Sanders has correctly listed his employment, Plaintiffs earn an additional $1,844.00 per month ($344.00 from Marco's Pizza and $1,500 from Mercury Service). Additionally, plaintiffs indicated that they receive governmental assistance in the form of SNAP benefits. The only expense plaintiffs list is for food, which is a total monthly expense of $616.00. Using the minimum income listed and the total expenses listed, Plaintiffs would have $2,330.00 left over each month after payment of expenses. This amount is sufficient to pay the filing fee of $402.00.

The burden is on the litigant asking the Court to waive the filing fee to demonstrate that they qualify for consideration for this relief. *Foster*, 21 F. App'x at 240. Plaintiffs have not properly completed the application and the information they did provide has not established that they qualify for *in forma pauperis* status.

Accordingly, the application is DENIED, and this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiffs may within 30 days of the date of this order reopen this case by first paying the full filing fee of $402.00 and then filing a Motion to Reopen. The Clerk shall not

---

[3] In their complaint, plaintiffs state that their family was "evicted out of [their] apartment [on] January 18, 2023" and "are currently homeless." (Doc. No. 1, at 11.) Yet, the complaint lists an address with an apartment number, which makes it appear as though they are not homeless. Plaintiffs have not provided the Court with enough information regarding their relationship to the listed address. Moreover, in a separate complaint filed roughly a month after this complaint, Sanders lists a separate address. *See* Complaint, Sanders v. Hill, 23-cv-924 (N.D. Ohio May 4, 2023), ECF No. 1.

accept any further documents for filing in this case, unless the full filing fee is paid by within 30 days of the date of this order.

    **IT IS SO ORDERED**.

Dated: July 13, 2023

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT COURT**
    **CHIEF JUDGE**